IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VILOX AB,<br><br>    Plaintiff,<br><br>       v.<br><br>MOHAWK INDUSTRIES, INC. and<br>MENARD, INC.<br><br>    Defendants.<br>―――――――――――――――――<br>MOHAWK INDUSTRIES, INC.,<br>MOHAWK CARPET DISTRIBUTION,<br>LLC, IVC US, LLC, and UNILIN BV,<br><br>    Counterclaim-Plaintiffs,<br><br>       v.<br><br>VILOX AB,<br><br>    Counterclaim-Defendant. | ) <br>) <br>) <br>) <br>)   C.A. No. 24-1430-JLH<br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

## VILOX AB'S ANSWER TO DEFENDANT/COUNTERCLAIM-PLAINTIFFS' COUNTERCLAIMS

Plaintiff Vilox AB ("Vilox") submits its Answer to "Counterclaim-Plaintiffs" Mohawk Industries, Inc. ("Mohawk"), Mohawk Carpet Distribution, LLC ("Mohawk Carpet"), IVC US, LLC ("IVC"), and Unilin BV ("Unilin") Counterclaims (collectively, "Mohawk"). Vilox denies the allegations and counterclaims of Mohawk as set forth below, unless expressly admitted in the following paragraphs:

### PARTIES

1.      Vilox admits that Mohawk is a corporation organized under the laws of the State of Delaware having its principal place of business in Calhoun, Georgia 30708.

2.      Vilox admits that Mohawk Carpet Distribution, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Calhoun, Georgia 30701.

3.      Vilox admits that IVC US, LLC is a limited liability company organized under the laws of the State of Georgia having its principal place of business in Calhoun, Georgia 30701.

4.      Vilox admits that Unilin BV ("Unilin") is a foreign corporation organized under the laws of Belgium having its principal place of business located at Ooigemstraat 3, 8710 Wielsbeke, Belgium.

5.      Vilox admits that it is a foreign company organized under the laws of Sweden, with its principal place of business located at Mangårdsgatan 63, 25667 Helsingborg Sweden.

## JURISDICTION AND VENUE

6.      Vilox admits Mohawk's counterclaims purport to include causes of actions under the patent laws of the United States Code, Title 35, but denies that such causes of action have any merit.  Vilox further admits that this Court has subject jurisdiction under 28 U.S.C. §§ 1331, 1338, 2201, and 2202. To the extent that paragraph 6 of Mohawk's counterclaims includes any further allegations, Vilox denies them.

7.      Vilox Mohawk's counterclaims purport to include causes of actions under 15 U.S.C. § 1121 and 28 U.S.C. § 1331, but denies that such causes of action have any merit.

8.      Paragraph 8 contains conclusions of law to which no response is required.  To the extent a response is required, Vilox admits that this Court has subject matter jurisdiction over these disputes pursuant to 28 U.S.C. § 1332(a)(1).

9.     Paragraph 9 contains conclusions of law to which no response is required.  To the extent a response is required, Vilox does not contest that the Court has supplemental jurisdiction over these claims, but denies the remaining allegations set forth in paragraph 9.

10.    Paragraph 10 contains conclusions of law to which no response is required.  To the extent a response is required, Vilox does not contest that this Court has personal jurisdiction over Vilox for purposes of this action. Vilox denies the remaining allegations in paragraph 10.

11.    Vilox admits that venue is proper in this Court for purposes of this action.

## BACKGROUND[1]

**Mohawk is a flooring industry leader**

12.    Vilox admits that Mohawk is a global flooring company that designs, develops, manufactures, and markets flooring products to enhance residential and commercial spaces around the world. Vilox otherwise denies the allegations of paragraph 12.

13.    Vilox admits upon information and belief that Mohawk and its subsidiaries have become one of the largest suppliers of premium carpet, rugs, laminate, sheet vinyl, luxury vinyl tile and wood flooring in North America. Mohawk and its subsidiaries' products are distributed to and sold by retailers throughout the United States, that many of their products are manufactured in its facilities located across the country. Vilox otherwise denies the allegations of paragraph 13.

---

[1] Headings and subheadings are copied from Mohawk's counterclaims for ease of reference only and are only modified if the headings themselves contain any allegations to reflect Vilox's position. For the sake of clarity, these headings and subheadings do not require any response and do not constitute an admission or denial of any purported fact or allegation. To the extent a response is required to any allegation in the counterclaim's headings or subheadings, Vilox denies those allegations.

14. Vilox is without knowledge or information sufficient to form a belief as to the truth of the claims set forth in paragraph 14, and therefore denies them.

15. Vilox admits that Unilin is an indirect wholly-owned subsidiary of Mohawk Industries. Vilox is without knowledge or information sufficient to form a belief as to the truth of the remainder of claims set forth in paragraph 15, and therefore denies them.

16. Vilox is without knowledge or information sufficient to form a belief as to the truth of the claims set forth in paragraph 16, and therefore denies them.

17. Vilox admits that Mohawk and its subsidiaries introduce new products. Vilox is without knowledge or information sufficient to form a belief as to the truth of the remainder of the claims set forth in paragraph 17, and therefore denies them.

18. Vilox is without knowledge or information sufficient to form a belief as to the truth of the claims set forth in paragraph 18, and therefore denies them.

**Mohawk Industries Subsidiaries Began Commercializing the Fold-Down Locking Profile That VILOX Has Accused of Infringement in Mid-2019**

19. Vilox denies the allegations in paragraph 19.

20. Vilox is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies them.

21. Vilox is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies them.

22. Vilox is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and therefore denies them.

23. Vilox admits that Ex. L and the photograph in paragraph 23 purports to contain a reproduction of the P142 Profile. Vilox is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and therefore denies them.

24.     Vilox is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies them.

25.     Vilox is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies them.

26.     Vilox is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies them.

27.     Vilox denies the allegations in paragraph 27.

**Unilin Invented an Innovative Fold-Down Locking Profile**

28.     Vilox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28, and therefore denies them.

29.     Vilox admits that end users may seek to uninstall floor panels in case a single panel is damaged, or when an entire flooring system must be removed to a new location. Vilox is otherwise denies the allegations in paragraph 29.

30.     Vilox admits that what purports to be a copy of the U.S. Provisional Application No. 62/942,861 (the "'861 Provisional Application") is attached as Exhibit A to the counterclaims.  Vilox further states that the document speaks for itself and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30, and therefore denies them.

31.     Vilox admits that the '861 Provisional Application published as WO 2021/111210.  Vilox further states that the document speaks for itself and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31, and therefore denies them

32.     Vilox admits that what purports to be a copy of Fig. 7 of the '861 Provisional Application is reproduced in paragraph 32.

33.     Vilox admits that what purports to be a video from Unilin concerning its Unidrop® technology can be found at the link in paragraph 33.  Vilox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33, and therefore denies them.

34.     Vilox admits that what purports to be a Unilin published video on YouTube describing Unilin's Unidrop® can be found at the link in paragraph 34. Vilox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34, and therefore denies them.

35.     Vilox admits that a screenshot from the UNIDROP® video found in the link in paragraph 34 is reproduced in paragraph 35.

36.     Vilox admits that what purports to be a photograph of a Unilin tradeshow exhibit is reproduced in paragraph 36. Vilox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36, and therefore denies them.

37.     Vilox admits that what purports to be a video from Unilin concerning its Unidrop® technology can be found at the link in paragraph 37.  Vilox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37, and therefore denies them.

38.     Vilox admits that a screenshot from the Unidrop® video found in the link in paragraph 37 is reproduced in paragraph 38.

39.     Vilox denies the allegations in paragraph 39.

40.     Vilox admits that Unilin's Unidrop® technology has been licensed to numerous licensees who have manufactured and/or sold products utilizing the Unidrop® system. Vilox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 40.

**Vilox Obtains the [Valid] '717 Patent**

41.     Vilox admits that it filed patent applications that led to the issuance of the '717 Patent. Vilox denies the remaining allegations in paragraph 41. Vilox expressly avers that the '717 Patent is valid and enforceable.

42.     Vilox admits that it on December 13, 2019 it filed Swedish patent application SE 1951462 (the "Swedish Application"), titled "Releasable joining system for floor panels."

43.     Vilox admits the allegations in paragraph 43.

44.     Vilox admits that an embodiment of the Swedish Application describes a "joining system [that] further comprises a coupling release channel 41 being part of the male and female coupling for receiving a coupling release rod 110, when the male coupling is locked in the female coupling (which is the state shown in fig. 3)."  Vilox further states that the document speaks for itself.

45.     Vilox admits that Fig. 3 of SE 1951462 is reproduced in paragraph 45.

46.     Vilox denies the allegations in paragraph 46.

47.     Vilox denies the allegations in paragraph 47.

48.     Vilox admits the allegations in paragraph 48.

49.     Vilox denies the allegations in paragraph 49.

50.     Vilox denies the allegations in paragraph 50.

51.     Vilox denies the allegations in paragraph 51.

52.     Vilox denies the allegations in paragraph 52.

53.     Vilox admits the allegations in paragraph 53.

54.     Vilox denies the allegations in paragraph 54.

55.     Vilox admits the allegations in paragraph 55.

56.     Vilox admits the allegations in paragraph 56.

57.     Vilox admits the allegations in paragraph 57.

58.     Vilox denies the allegations in paragraph 58.

59.     Vilox denies the allegations in paragraph 59.

60.     Vilox admits that it was aware of WO 2021/111210 as of March 22, 2024but denies all remaining allegations in paragraph 60.

61.     Vilox admits its CEO, Bobby Markovski, attended flooring industry trade shows around this time period. Vilox denies all remaining allegations in paragraph 61.

62.     Vilox admits that it cites to Unilin's YouTube video UNIDROP in the First Amended Complaint and further states that the video speaks for itself.  Vilox denies the remaining allegations in paragraph 62.

**History of Litigation Between the Parties**

63.     Vilox admits that Unilin brought an action against Vilox in the Eastern District of Texas for alleged infringement of U.S. Patent Nos. 9,890,542; 11,505,949; 11,33,055; and 12,012,764 captioned Unilin BV v. Vilox Sweden AB. et al., No. 2:24-cv-00040-JRG, D.I. 1 (Jan. 24, 2024).  The Texas litigation followed an investigation before the International Trade Commission ("ITC") where the ITC issued a General Exclusion Order in favor of Unilin and banning importation of all panels that infringe the three asserted patents, even for manufacturers who were not respondents in the ITC investigation.  Vilox was not a respondent in the ITC

investigation, however, the broad application of the General Exclusion Order caused Customs and Border Patrol ("CBP") to refuse importation of Vilox licensees' products. Following a formal request for an administrative ruling under 19 C.F.R. Part 177, CBP ruled in VILOX's favor, and concluded that Vilox licensees' products did not infringe the three patents covered by the General Exclusion Order and therefore importation was not a violation of the Order. *See* Part 177 Ruling Request regarding General Exclusion Order in *Certain Luxury Vinyl Tile and Components Thereof*, Inv. No. 337-TA-1155 (ITC) (*see* https://www.finnegan.com/en/work/experience/finnegan-knocks-down-general-exclusion-order-for-floor-panels-part-177-ruling-request-regarding-general-exclusion-order-in-certain-luxury-vinyl-tile-and-components-thereof-itc-inv-no-337-ta-1155.html). Vilox denies the merits of the Texas litigation, which was initiated by Unilin in close proximity to the CBP ruling, and the remainder of the allegations in paragraph 63.

64.  Vilox admits that it filed this suit on December 31, 2024.

**[Vilox Does Not Wrongfully Interfere with the Business Relationships of Mohawk Industries and Its Subsidiaries, Including Unilin]**

65.  Vilox denies the allegations in paragraph 65.

66.  Vilox admits that it published a press release that can be accessed at the link in paragraph 66 of the counterclaims and that the press release speaks for itself. Vilox denies the remainder of the allegations in paragraph 66.

67.  Vilox admits the allegations in paragraph 67.

68.  Paragraph 68 contains legal conclusions to which no response is required. To the extent a response is required, Vilox denies the allegations in paragraph 68.

69.  Paragraph 69 contains legal conclusions to which no response is required. To the extent a response is required, Vilox denies the allegations in paragraph 69.

70. Vilox denies the allegations in paragraph 70.

71. Vilox denies the allegations in paragraph 71.

72. Vilox denies the allegations in paragraph 72.

73. Vilox admits that it contacted Dal-Tile and Unilin. Vilox denies the remaining allegations in paragraph 73.

74. Vilox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74, and therefore denies them. VILOX is aware, however, that Mohawk Industries and its subsidiaries have, in at least some instances, provided a misleading standard text to manufacturers and sellers of products that utilize the Unidrop system, and thus infringe the '717 Patent. That standard text, of which Vilox has received copies of from several companies that VILOX has contacted regarding the use of the '717 Patent, reads, in relevant parts: "[Company] is a licensed customer of Unilin's technologies. As such, any matters concerning Unilin's intellectual property or licensing arrangements should be addressed directly to Unilin or its legal counsel. Unilin's representatives may be contacted at the following email addresses: Lauren DeLee (lauren.delee@unilin.com) Floris Koopmans (floris.koopmans@unilin.com). We trust that VILOX will pursue any concerns through the appropriate channels with Unilin directly".

75. Vilox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75, and therefore denies them.

76. Vilox denies the allegations in paragraph 76. Vilox has only contacted companies in cases where evidence has provided that said companies manufacture, sell, offer for sale, and/or import, products utilizing the Unidrop® system to or within the United States, and thus infringe the '717 Patent.

77.     Vilox admits that its legal counsel sent a letter to Dal-Tile on January 3, 2025 and further states that such letter speaks for itself.  Vilox denies the remaining allegations in paragraph 77.

78.     Vilox denies the allegations in paragraph 78 and further states the referenced letter speaks for itself.

79.     Vilox is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mohawk's communications with its purchasers in paragraph 79, and therefore denies them.  Vilox denies the remainder of the allegations. Vilox admits that it has rightfully communicated with purchasers and customers using the infringing Unidrop® system by identifying the '717 Patent and the allegations of infringement against Mohawk and Unilin.

80.     Vilox is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mohawk's communications with a wholesale distributor set forth in paragraph 80, and therefore denies them. Vilox further denies that a license between a wholesaler and Unilin is a legally valid defense against the unauthorized use of Vilox's patented technology.

81.     Vilox denies the allegations of paragraph 81.  Paragraph 81 further states a legal conclusion to which no response is required.  To the extent a response is required, Vilox denies the allegations of paragraph 81. For completeness, Vilox has contacted companies in cases where the publicly available evidence suggests infringement of Vilox's '717 Patent. Vilox has not made any distinction between those companies who may be Mohawk customers, and other companies.

82.     Vilox denies the allegations of paragraph 82.  Paragraph 82 states a legal conclusion to which no response is required.  To the extent a response is required, Vilox denies the allegations of paragraph 82.

83.     Vilox denies the allegations of paragraph 83.  Paragraph 83 states a legal conclusion to which no response is required.  To the extent a response is required, Vilox denies the allegations of paragraph 83.

84.     Vilox admits that it has had interactions with other existing and prospective customers of Mohawk Industries' subsidiaries including Unilin, in cases where the publicly available evidence suggests infringement of Vilox's '717 Patent. Again, however, Vilox has not made any distinction between those companies who may be Mohawk customers, and other companies. Vilox denies the remaining allegations of paragraph 84.

85.     Vilox admits issuing the press released referred to and linked in paragraph 85 and further states that the press release speaks for itself.  Vilox denies the remainder of the allegations of paragraph 85.

86.     Vilox admits that the wording "in order for VILOX to consider an appropriate resolution" has been used in communication sent by Vilox's legal counsel. Vilox denies the remainder of the allegations in paragraph 86.

87.     Vilox admits it received the letter referenced in paragraph 87 and states that the letter speaks for itself. Vilox further denies the remainder of the allegations of paragraph 87.

88.     Vilox states that the letter referenced in paragraph 88 speaks for itself. Vilox further denies the remainder of the allegations of paragraph 88.

89.     Paragraph 89 contains legal conclusions to which no response is required. To the extent a response is required, Vilox denies the allegations of paragraph 89.

90. Vilox admits contacting Mohawk and certain licensees of Unilin, for the reasons explained above, but denies the remaining allegations of paragraph 90.

91. Vilox admits contacting Decno Group Ltd. but denies the remaining allegations in paragraph 91.

92. Vilox admits that the letter referred to in paragraph 92 was sent to Vilox and states that the letter speaks for itself. Vilox further admits that Mohawk filed its Answer and Counterclaims to Vilox's original complaint on January 27, 2025. Vilox denies the remaining allegations in paragraph 92.

93. Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, Vilox denies those allegations. Vilox denies the remainder of the allegations in paragraph 93. Specifically, no companies have been contacted absent publicly available evidence that they manufacture, sell or import products to or within the United States, or offer products for sale to or within the United States.

94. Vilox admits contacting Anhui Otai New Material Co., Ltd., but denies the remaining allegations in paragraph 94. Notably, representatives of Anhui Otai New Material Co., Ltd. informed Vilox during the fair that they do offer for sale the accused products to the United States.

95. Paragraph 95 contains legal conclusions to which no response is required. To the extent a response is required, Vilox denies those allegations. Vilox denies the remainder of the allegations in paragraph 95 and additionally refers to what has been stated above in paragraph 94.

96. Vilox admits having approached Jiangsu Success but denies the remaining allegations of paragraph 96.

97.    Vilox admits having approached Keo Global Industries LLP but denies the remaining allegations in paragraph 97. For completeness, representatives of Keo informed Vilox during the fair that they do offer for sale the accused products to the United States.

98.    Vilox admits having returned to the Keo booth but denies the remaining allegations in paragraph 98.

99.    Vilox denies the allegations in paragraph 99.

100.    Vilox denies the allegations in paragraph 100.

101.    Vilox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 concerning what Keo has informed Unilin, and therefore denies them. As for the first part of the sentence, "As a result of….continued harassment", the allegation is denied.

102.    Vilox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102, and therefore denies them.

103.    Vilox is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103, and therefore denies them.

104.    Vilox admits the reference post on its LinkedIn page referenced in Exhibit J and further states that the post speaks for itself.

105.    Vilox is without knowledge or information sufficient to form a belief as to the truth of the allegations of Mohawk and Unilin's knowledge and awareness set forth in paragraph 105, and therefore denies them.

106.    Paragraph 106 contains legal conclusions to which no response is required.  To the extent a response is required, Vilox denies those allegations.  Vilox is without knowledge or

information sufficient to form a belief as to the remainder of the allegations in paragraph 106, and therefore denies them.

107.    Vilox denies the allegations in paragraph 107.

108.    Vilox denies the allegations in paragraph 108.

109.    Vilox denies the allegations in paragraph 109.

### [RESPONSE TO] FIRST COUNTERCLAIM DECLARATION OF NON-INFRINGEMENT OF THE '717 PATENT

110.    Vilox repeats and incorporates by reference the foregoing paragraphs of this Answer to Counterclaims, as if fully set forth herein.

111.    Vilox admits the allegations in paragraph 111.

112.    Vilox denies the allegations in paragraph 112.

113.    Paragraph 113 contains a legal conclusion to which no response is required.  To the extent a response is required, Vilox denies the allegations in paragraph 113. Vilox expressly avers infringement of the '717 Patent.

### [RESPONSE TO] SECOND COUNTERCLAIM DECLARATION OF INVALIDITY OF THE '717 PATENT

114.    Vilox repeats and incorporates by reference the foregoing paragraphs of this Answer and Counterclaims, as if fully set forth herein.

115.    Vilox admits the allegations in paragraph 115.

116.    Vilox admits the allegations in paragraph 116.

117.    Vilox admits the allegations in paragraph 117 concerning what Counterclaim-Plaintiffs deny and assert in this litigation, but denies the validity of those denials and assertions.

118.    Vilox denies the allegations in paragraph 118.

119.    Vilox admits the allegations in paragraph 119.

120.     Vilox admits that what purports to be a comparison of the Mohawk Home Expressions floor panel and a product made using the P142 profile is shown in paragraph 120.

121.     Vilox admits that it considers that the Mohawk Home Expressions Representative Accused Product practices each and every limitation of the '717 Patent but denies the remaining allegations of paragraph 121.

122.     Vilox admits the existence of the U.S. Provisional Application No. 62/942,861 and the International Publication WO 2021/111310 but denies the remaining allegations of paragraph 122.

123.     Vilox denies the allegations of paragraph 123.

124.     Paragraph 124 contains a legal conclusion to which no response is required.  To the extent a response is required, Vilox denies the allegations in paragraph 124. Vilox expressly asserts that the '717 is valid and enforceable.

### [RESPONSE TO] THIRD COUNTERCLAIM
### UNFAIR COMPETITION UNDER § 43(a) OF THE LANHAM ACT

125.     Vilox repeats and incorporates by reference the foregoing paragraphs of this Answer to Counterclaims, as if fully set forth herein.

126.     Paragraph 126 contains a legal conclusion to which no response is required.  To the extent a response is required, Vilox denies the allegations in paragraph 126.

127.     Vilox denies the allegations in paragraph 127.

128.     Vilox denies the allegations in paragraph 128.

129.     Vilox denies the allegations in paragraph 129.

130.     Vilox is without information or belief as to the truth of the allegations in paragraph 130, and therefore denies them.

131.     Vilox admits knowledge of some current Mohawk and Unilin customers but is without information or belief as to the truth of the allegations in paragraph 131, and therefore denies them.

132.     Vilox denies the allegations in paragraph 132.

133.     Paragraph 133 contains a legal conclusion to which no response is required.  To the extent a response is required, Vilox denies the allegations in paragraph 133. Vilox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 133, and therefore denies them.

134.     Vilox denies the allegations in paragraph 134.

135.     Paragraph 135 contains a legal conclusion to which no response is required.  To the extent a response is required, Vilox denies the allegations in paragraph 135. Vilox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 135, and therefore denies them.

136.     Paragraph 136 contains a legal conclusion to which no response is required.  To the extent a response is required, Vilox denies the allegations in paragraph 136.

## [RESPONSE TO] FOURTH COUNTERCLAIM
## TORTIOUS INTERFERENCE WITH A BUSINESS OPPORTUNITY

137.     Vilox repeats and incorporates by reference the foregoing paragraphs of this Answer to Counterclaims, as if fully set forth herein.

138.     Vilox denies the allegations in paragraph 138.

139.     Vilox denies the allegations in paragraph 139.

140.     Vilox admits the existence of current customers of the Unidrop® technology, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 140, and therefore denies them.

141.     Vilox admits knowledge of some current Mohawk and Unilin customers but is without information or belief as to the truth of the allegations in paragraph 141, and therefore denies them.

142.     Vilox denies the allegations in paragraph 142.

143.     Paragraph 143 contains a legal conclusion to which no response is required. To the extent a response is required, Vilox denies the allegations in paragraph 143. Vilox further states that it is without knowledge or information sufficient to form a belief as to the allegations in paragraph 143 concerning statements made or not made to Mohawk and/or Unilin representatives by customers, and therefore denies them.

144.     Paragraph 144 contains a legal conclusion to which no response is required. To the extent a response is required, Vilox denies the allegations in paragraph 144. Vilox denies the remainder of the allegations in paragraph 144.

145.     Paragraph 145 contains a legal conclusion to which no response is required. To the extent a response is required, Vilox denies the allegations in paragraph 145. Vilox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 145, and therefore denies them.

146.     Paragraph 146 contains a legal conclusion to which no response is required. To the extent a response is required, Vilox denies the allegations in paragraph 146.

### [RESPONSE TO] FIFTH COUNTERCLAIM
### COMMON LAW UNFAIR COMPETITION

147.     Vilox repeats and incorporates by reference the foregoing paragraphs of this Answer to Counterclaims, as if fully set forth herein.

148.     Vilox denies the allegations in paragraph 148.

149.     Vilox denies the allegations in paragraph 149.

150.     Vilox admits the existence of current customers of the Unidrop® technology, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 150, and therefore denies them.

151.     Vilox admits knowledge of some current Mohawk and Unilin customers but is without information or belief as to the truth of the allegations in paragraph 151, and therefore denies them.

152.     Vilox denies the allegations in paragraph 152.

153.     Paragraph 153 contains a legal conclusion to which no response is required.  To the extent a response is required, Vilox denies the allegations in paragraph 153. Vilox further states that it is without knowledge or information sufficient to form a belief as to the allegations in paragraph 143 concerning statements made or not made to Mohawk and/or Unilin representatives by customers, and therefore denies them.

154.     Paragraph 154 contains a legal conclusion to which no response is required.  To the extent a response is required, Vilox denies the allegations in paragraph 154. Vilox denies the remainder of the allegations in paragraph 144.

155.     Paragraph 155 contains a legal conclusion to which no response is required.  To the extent a response is required, Vilox denies the allegations in paragraph 155.

156.     Paragraph 156 contains a legal conclusion to which no response is required.  To the extent a response is required, Vilox denies the allegations in paragraph 156.

### [RESPONSE TO] SIXTH COUNTERCLAIM
### VIOLATION OF DELAWARE UNIFORM DECEPTIVE TRADE PRACTICES ACT

157.     Vilox repeats and incorporates by reference the foregoing paragraphs of this Answer to Counterclaims, as if fully set forth herein.

158.     Vilox denies the allegations in paragraph 158.

159.     Vilox denies the allegations in paragraph 159.

160.     Vilox admits it issued a press release but denies the remaining allegations in paragraph 160.

161.     Paragraph 161 contains a legal conclusion to which no response is required.  To the extent a response is required, Vilox denies the allegations in paragraph 161. Vilox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 161, and therefore denies them.

162.     Vilox denies the allegations in paragraph 162.

163.     Paragraph 163 contains a legal conclusion to which no response is required.  To the extent a response is required, Vilox denies the allegations in paragraph 163. Vilox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 163, and therefore denies them.

164.     Paragraph 164 contains a legal conclusion to which no response is required.  To the extent a response is required, Vilox denies the allegations in paragraph 164.


## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Counterclaim Plaintiffs' counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Vilox reserves all defenses available under the Federal Rules of Civil Procedure and federal or state law, and any additional defenses, claims, or counterclaims-in-reply that may be revealed or discovered during the pendency of this action.

### THIRD AFFIRMATIVE DEFENSE

Counterclaim-Plaintiffs Counterclaims alleging unfair competition, tortious interference and violation of the Delaware Deceptive Trade Practices Act are barred, in whole or in part, by the doctrines of unclean hands and/or waiver because, among other things, Counterclaim-Plaintiffs knowingly engage in the same conduct it alleges and challenges in the Counterclaims.

### FOURTH AFFIRMATIVE DEFENSE

Each of the asserted claims of the '717 Patent is infringed.

### FIFTH AFFIRMATIVE DEFENSE

Each of the asserted claims of the '717 Patent is valid and enforceable.

### SIXTH AFFIRMATIVE DEFENSE

Counterclaim-Plaintiffs' counterclaims are barred in whole or in part by the good faith defense because any actions taken by Vilox were done in good faith and by appropriate means to protect Vilox's legally protected interests. *See* Restatement (Second) of Torts § 773.

### DEMAND FOR TRIAL BY JURY

Vilox respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### PRAYER FOR RELIEF

Vilox denies any liability to Counterclaim-Plaintiffs, denies that Counterclaim-Plaintiffs are entitled to any relief from Vilox, and denies all of the allegations contained in Counterclaim-Plaintiffs' Prayer for Relief and WHEREFORE, Vilox prays for relief with respect to Counterclaim-Plaintiffs' Counterclaims as follows:

    a.   That this Court dismiss Counterclaim-Plaintiffs' counterclaims with prejudice;

b.  That this Court enter judgment for Vilox on each of Counterclaim-Plaintiffs'
    counterclaims and find that Counterclaim-Plaintiffs are not entitled to any of the relief
    requested in its Prayer for Relief or any relief whatsoever;

c.  That this Court grant each of the requests for relief prayed for in Vilox's First
    Amended Complaint;

d.  That this Court grant all other relief as the Court deems necessary and proper.

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
Lindsey M. Gellar (No. 7202)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
lgellar@shawkeller.com
*Attorneys for Vilox AB*

Dated: February 25, 2025