UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE
———
No. 24-1430-JCB
———

**VILOX AB,**
*Plaintiff,*
v.
**Mohawk Industries, Inc. and Menard, Inc.,**
*Defendants.*
———
**Mohawk Industries, Inc., Mohawk Carpet Distribution, LLC, IVC US, LLC, Unilin BV, and Menard, Inc.,**
*Counterclaim-Plaintiffs,*
v.
**VILOX AB,**
*Counterclaim-Defendant.*
———

## JOINT REPORT

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and the Court's September 4, 2025, Order (D.I. 32), counsel for Plaintiff and Counterclaim-Defendant VILOX AB ("Vilox"), and counsel for Defendants Mohawk Industries, Inc. and Menard, Inc. and for Counterclaim-Plaintiffs Mohawk Industries, Inc., Menard, Inc, Mohawk Carpet Distribution, LLC, IVC US, LLC, and Unilin BV (collectively, "Mohawk") have conferred regarding this case. As a result of that conference and in compliance with the Court's Order, the parties submit the following Joint Report.

1. **A brief statement of the claims and defenses.**

    Vilox's Causes of Action and Counterclaim Defenses:

    Vilox is the owner of United States Patent No. 12,180,717 (the "'717 Patent"). Vilox asserts that Mohawk infringes Vilox's patent and seeks damages and injunctive relief.

    Vilox denies all claims against it by Mohawk and makes the following defenses: failure to state a claim, unclean hands, waiver, infringement, validity, and good faith.

1

Mohawk's Defenses and Counterclaim Causes of Action:

Mohawk denies infringement and asserts that the claims of the '717 Patent are invalid. Mohawk also makes the following defenses: failure to state a claim, estoppel, waiver, prosecution history estoppel, license, patent exhaustion, equitable estoppel, acquiescence, unclean hands, ensnarement, and a lack of standing. Mohawk asserts that Vilox is not entitled to injunctive relief, Vilox's claims for damages and costs are statutorily limited, Mohawk did not engage in willful infringement, and that this is not an exceptional case.

Mohawk seeks a declaration of noninfringement of the '717 Patent and a declaration of invalidity of the '717 Patent. Mohawk also asserts Vilox has engaged in unfair competition under 15 U.S.C. § 1125 (Lanham Act § 43(a)) and Delaware Common Law, engaged in tortious interference with a business opportunity, and has violated Delaware's Uniform Deceptive Trade Practices Act. 6 Del. C. § 2532(a). Mohawk seeks damages and injunctive relief.

2. **The jurisdictional basis for the suit.**

   This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Vilox's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

   The parties do not contest personal or subject matter jurisdiction in this case.

3. **The existence of any additional related cases and the appropriateness of consolidation.**

   The parties expect that the Defendants/Counterclaim-Plaintiffs will coordinate as appropriate through discovery and trial.

4. **Proposed deadlines for dispositive motions and objections to experts (i.e., *Daubert* and similar motions).**

   *See* Exhibit A (Proposed Scheduling Order).

5. **Whether the parties expect to provide expert reports under Rule 26(a)(2) and conduct expert discovery in this case.**

   Yes. The parties expect to provide expert reports and conduct expert discovery in this case.

6. **A proposed plan and schedule for discovery, including a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues.**

    a. <u>A statement of the subjects on which discovery may be needed:</u>

        i. The parties anticipate conducting discovery regarding Vilox's factual and legal contentions, alleged damages, and defenses to the counterclaims, as well as any other related matters, and Mohawk's factual and legal contentions, alleged damages, and defenses, as well as any other related matters.

    b. <u>Deadline to complete factual discovery:</u>

        i. The parties propose that fact discovery shall be completed by October 16, 2026.

    c. <u>Deadline to complete expert discovery:</u>

        i. The parties propose that expert discovery shall be completed by April 23, 2027.

    d. <u>A statement of whether discovery should be conducted in phases or limited to or focused upon particular issues:</u>

        i. The parties believe discovery should be conducted pursuant to the Federal Rules of Civil Procedure and Evidence and should be conducted in phases, with fact discovery preceding expert discovery. The parties do not believe discovery should be limited to particular issues.

7. **Whether document production should proceed by requests for production or mandatory disclosure.**

    The Court's "Default Standard for Discovery, including Discovery of Electronically Stored Information" requires certain mandatory productions. In particular, Vilox shall produce the file history for the asserted patents when identifying the accused products, and Defendant shall then produce the core

technical documents and sales numbers related to the accused products. Otherwise, document production should proceed by requests for production.

8. **Any proposed changes to the discovery limitations imposed by the Federal Rules of Civil Procedure, the Local Rules, and any other discovery limitations, including whether the parties should be required to disclose the legal theories and factual bases of their claims and defenses along with their Rule 26(a)(1) disclosures.**

   The parties propose that expert depositions be limited to seven hours on the record per each issue on which the expert has disclosed opinions (i.e., seven hours on infringement and seven hours on validity). The one exception would be that should an expert opine on issues for both Menard and Mohawk the parties would discuss in good faith the appropriate time for that deposition.

   The parties agree that, absent stipulation or leave of court, each side shall be limited to 70 hours of testimony per side by deposition of fact witnesses upon oral examination. The location of depositions will be negotiated in good faith but should a dispute occur, per Delaware practice, the deposition will occur in Wilmington, Delaware.

   The parties propose a maximum of 25 requests for admission, excluding requests for admission regarding authentication.

   The Parties do not propose any other changes to the discovery limitations imposed by the Federal Rules of Civil Procedure, the District of Delaware Local Rules, or any other discovery limitations.

9. **Proposed rules for disclosure or discovery of electronically stored information (ESI).**

   The parties do not propose changes to the Court's "Default Standard for Discovery, including Discovery of Electronically Stored Information."

10. **Any proposed means for the protection of trade secrets, confidential business information, or other proprietary information.**

    The parties agree that confidentiality protections may be appropriate in limited circumstances. However, Plaintiff believes that most discovery materials should remain public, consistent with the presumption of open judicial proceedings. Defendant believes that a Protective Order should be entered in this case due to the confidential nature of materials, including confidential business information likely to be produced in this case. The parties propose to confer regarding the need for and scope of any Protective Order. The parties propose that they submit a proposed protective order (with any competing proposals contained therein) by November 7, 2025.

11. **Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a court order.**

    a. Privilege Logs. The parties agree to follow the Federal Rules of Civil Procedure when either party withholds otherwise discoverable information by claiming that the information is privileged or subject to protection under the work product doctrine or as trial-preparation material.

    b. Inadvertent Production of Privileged Documents or ESI. The parties agree that any party who inadvertently produces privileged information without intending to waive the privilege associated with such information may, within 14 days after the producing party discovers that such inadvertent production occurred, amend its discovery response, and notify the other party that such information was inadvertently produced and should have been withheld as privileged. Once the producing party provides such notice to the requesting party, the requesting party must promptly return or delete the specified information and sequester any copies thereof and may not use it until the assertion of privilege has been resolved. By complying with this obligation, the requesting party does not waive any right it has to challenge the assertion of privilege.

12. **A proposed pretrial conference date, proposed trial date, estimated number of days required for trial, and whether a jury has been demanded.**

    Proposed pretrial conference date: February 1, 2028.

Proposed trial date: February 7-12, 2028.

Estimated number of days for trial: The parties estimate, at this point, that the trial of this action will require 5 days. That parties' estimate is based on current information, but may change, depending on the scope of the case (including the number of patents asserted).

Jury demand: Vilox and Mohawk have both demanded a trial by jury.

13. **Objections to Rule 26(a)(1) asserted by either party, and other proposed modifications to the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

    The parties have agreed to exchange initial disclosures on November 7, 2025.

14. **The parties' position on mediation or arbitration to resolve this litigation.**

    The parties believe mediation or arbitration would be helpful to settlement before discovery and would prefer to mediate with a private mediator than with a United States Magistrate Judge.

15. **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial.**

    The parties' proposed scheduling order is submitted contemporaneously as Exhibit A.

    The parties agree that discovery requests, discovery responses, pleadings, and other papers may be served via email to all counsel of record for the receiving party.

16. **Whether a conference with the Court is desired.**

    The parties do not desire a conference with the Court.

17. **The status of settlement negotiations, which shall not disclose settlement figures.**

    The parties have engaged in settlement negotiations since the filing of the complaint.

18. **A statement that counsel for each party has reviewed the undersigned's order regulating practice (Doc. 18) and that counsel for each party understands that noncompliance with the Federal Rules of Civil Procedure, the court's local rules, or Judge Barker's standing orders may result in sanction or other disadvantage; and**

    See below.

19. **Any other matters relevant to the status and disposition of this case, including any other orders that the parties propose for the court to issue under Rules 16(b) and (c) and 26(c).**

    At this time, the parties have not identified any other relevant matters to this case.

Date: October 16, 2025.

I, the undersigned counsel, have reviewed the Order Regulating Practice (D.I. 18) and understand that noncompliance with the Federal Rules of Civil Procedure, the Court's Local Rules, or Judge Barker's standing orders may result in sanction or other disadvantage.

/s/ *Karen E. Keller*                                  10/16/25

_____          _____
    Counsel for Vilox                                          Date

I, the undersigned counsel, have reviewed the Order Regulating Practice (D.I. 18) and understand that noncompliance with the Federal Rules of Civil procedure, the Court's Local Rules, or Judge Barker's standing orders may result in sanction or other disadvantage.

/s/ *Kelly E. Farnan*                                  10/16/25

_____          _____
    Counsel for Mohawk                                      Date

Dated: October 16, 2025                              Respectfully submitted,

| | |
|---|---|
| /s/ *Karen E. Keller* | /s/ *Kelly E. Farnan* |
| Karen E. Keller (No. 4489) | Kelly E. Farnan (No. 4395) |
| Virginia K. Lynch (No. 7423) | RICHARDS, LAYTON & FINGER, P.A. |
| SHAW KELLER LLP | One Rodney Square |
| 1105 North Market Street, 12th Floor | Suite 600 |
| Wilmington, DE 19801 | 920 N. King Street |
| (302) 298-0700 | Wilmington, DE 19801 |
| kkeller@shawkeller.com | (302) 651-7705 |
| glynch@shawkeller.com | farnan@rlf.com |
| | |
| *Attorneys for Plaintiff and Counterclaim-Defendant VILOX AB* | *Attorney for Defendants and Counterclaim-Plaintiffs Mohawk Industries, Inc., Mohawk Carpet Distribution, LLC, IVC US, LLC, Unilin BV, and Menard, Inc.* |