UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE
———
No. 1:24-cv-01430
———

**Vilox AB,**
*Plaintiff,*

v.

**Mohawk Industries, Inc., et al.,**
*Defendants.*
———

**O R D E R**

  Based on the parties' representation, a conference with the court is not required at this time. The scheduling conference set for October 24, 2025, is canceled.

  Pursuant to Federal Rule of Civil Procedure 16(b) and the District of Delaware Local Rules (except as modified herein), the court, having considered the proposed scheduling order submitted by the parties (Doc. 41-1), orders that the following schedule should govern the disposition of this case:

| | |
|---|---|
| **September 27, 2027** | **JURY SELECTION AND TRIAL at 9:30 a.m. EST / 8:30 a.m. CST before Judge J. Campbell Barker, 844 N. King Street, Wilmington, Delaware.** |
| **September 22, 2027** | **A pretrial conference will be conducted, in person, before Judge J. Campbell Barker, 844 N. King Street, Wilmington, Delaware.** |
| **September 18, 2027** | Parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c), as well as shall include the required language in Local Rule 16.3(d)(4). <br><br> Deadline for parties to file proposed voir dire, preliminary jury instructions, final jury instructions, and special verdict forms. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. |
| **September 15, 2027** | Deadline for plaintiff to file with the clerk an executed copy of the proposed pretrial order, which shall include the matters described in Local Rule 16.3(c), as well as the required language in Local Rule 16.3(d)(4). |

| **September 8, 2027** | Deadline for all other parties to provide the plaintiff and each other party with their responses to the plaintiff's draft order. Such responses shall include the party's response to plaintiff's proposed language for the sections of the pretrial order to be jointly submitted by all parties, as well as the sections relating to the party's case. If the parties have not yet exchanged trial exhibits, the party shall provide plaintiff and each other party with a copy of, or reasonable access to, the party's proposed trial exhibits. Local Rule 16.3(d)(2). |
|---|---|
| **August 19, 2027** | Deadline for plaintiff to provide a draft pretrial order to all other parties. The draft shall include proposed language for the sections of the pretrial order jointly submitted by all parties, as well as the sections relating to plaintiff's case. If the parties have not yet exchanged trial exhibits, plaintiff shall provide all other parties with a copy of, or reasonable access to, the plaintiff's proposed trial exhibits. Local Rule 16.3(d)(1). |
| **July 12, 2027** | Deadline for parties to **jointly prepare and file a written mediation report**, which shall be signed by counsel for each party, describing the required details in the mediation subsection below. |
| **May 7, 2027** | Deadline by which all reply briefs shall be served and filed. Reply briefs shall be limited to 20 pages absent an order of the court upon a showing of good cause. |
| **April 30, 2027** | Deadline by which all responsive briefs shall be served and filed. Responsive briefs shall be limited to 40 pages absent an order of the court upon a showing of good cause. |
| **April 16, 2027** | **Deadline by which all case dispositive motions shall be served and filed.** Dispositive motions shall be limited to 40 pages absent an order of the court upon a showing of good cause.<br><br>Deadline for any objection to expert testimony made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, unless otherwise ordered by the court. |
| **February 26, 2027** | Deadline by which the parties shall complete all depositions of experts. |

| **January 29, 2027** | Reply expert reports from the party with the initial burden of proof are due. No other expert reports will be permitted without either the consent of all parties or leave of the court. |
| --- | --- |
| | If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and when they cannot reasonably be resolved, use this order's discovery dispute procedure or the complaint will be waived. |
| **January 8, 2027** | The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due. |
| **December 18, 2026** | Defendants shall provide final non-infringement contentions and plaintiff shall provide final validity contentions. |
| **December 11, 2026** | The initial Rule 26(a)(2) disclosure of expert testimony is due for the party who has the initial burden of proof on the subject matter. |
| **December 4, 2026** | Plaintiff shall provide final infringement contentions and defendant shall provide final invalidity contentions. |
| **November 20, 2026** | All discovery in this case shall be initiated so that it will be completed on or before this date. |
| **September 25, 2026** | ***Markman* hearing and hearing on any motion for summary judgment of indefiniteness at 10 a.m. EST / 9 a.m. CST before Judge J. Campbell Barker. As the date of the *Markman* approaches, based on the needs of the parties and the issues to be resolved, the court will make a decision as for whether the *Markman* will be in-person or remote.** |
| **September 11, 2026** | Deadline by which document production shall be substantially complete. |
| **September 4, 2026** | Deadline for parties to file a joint claim construction brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in the form prescribed by the "Claim Construction" subsection below. |

| | |
|---|---|
| **August 28, 2026** | Deadline by which defendants shall serve, but not file, their sur-reply brief, not to exceed 2,500 words, as well as any materials in support of their proposed constructions, including expert declarations. |
| **August 14, 2026** | Deadline by which plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words, as well as any materials in support of their proposed constructions, including expert declarations. |
| **July 17, 2026** | Defendants shall serve, but not file, their answering claim construction brief, not to exceed 7,500 words, as well as any materials in support of their proposed constructions, including expert declarations. |
| **June 19, 2026** | Plaintiff shall serve, but not file, their opening claim construction brief, not to exceed 5,000 words. |
| **May 22, 2026** | Deadline for parties to file a joint claim construction chart, identifying for the court the terms of the claims in issue. The chart should include each party's proposed construction of the disputed claim language with citations only to the intrinsic evidence in support of their respective proposed constructions. The joint claim construction chart should include an explanation of why resolution of the dispute makes a difference. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this joint claim construction chart. |
| **April 24, 2026** | Deadline by which parties shall exchange preliminary claim constructions and extrinsic evidence. These constructions and accompanying evidence need not be filed with the court by this date. |
| **March 27, 2026** | Parties shall exchange proposed terms and claim elements for construction. These terms need not be filed with the court by this date. |
| **March 25, 2026** | Deadline for (1) motions for leave to join parties and (2) motions for leave to amend pleadings.<br><br>This deadline does not modify the requirements of the Federal Rules of Civil Procedure regarding leave of court to amend pleadings and court action to join parties. *See, e.g.*, Fed. R. Civ. P. 15(a), 21.<br><br>Parties may petition the court to modify this deadline for good cause. |

| **February 9, 2026** | Deadline by which each defendant shall produce to the plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals, and patents). Delaware Default Standard for Discovery § 4(d). |
|---|---|
| **January 7, 2026** | Deadline by which plaintiff shall produce to each defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes. Delaware Default Standard for Discovery § 4(c). |
| **December 8, 2025** | Deadline by which each defendant shall produce to the plaintiff the core technical documents relating to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications. Delaware Default Standard for Discovery § 4(b). |
| **November 7, 2025** | Deadline by which counsel should confer and attempt to reach an agreement on a proposed form of protective order and submit it to the court. |
| **November 7, 2025** | Deadline for parties to make the ESI disclosures required by Delaware Default Standard for Discovery § 3. |
| **November 7, 2025** | Deadline by which plaintiff shall identify, for each defendant, the accused products and the asserted patent(s) they allegedly infringe, and plaintiff shall produce the file history for each asserted patent. Delaware Default Standard for Discovery § 4(a). |
| **November 7, 2025** | Deadline for all parties to make their initial disclosures under Rule 26(a)(1). |

If any of these dates fall on a weekend or court holiday, the deadline is modified to be the next court business day. Also note that all deadlines in this order are for **filing** or **delivery**, **not mailing** dates.

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure and the local rules of this court must be observed.

## Motions

Except as otherwise specified herein, any application to the court shall be by written motion. Any non-dispositive motion shall be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion. Unless otherwise ordered, failure to so aver may result in dismissal of the motion. For purposes of this Rule, "a reasonable effort" must include oral communication that

involves Delaware counsel for any moving party and Delaware counsel for any opposing party. Local Rule 7.1.1.

## Discovery

1. **Miscellaneous discovery matters**

The parties should set forth a statement identifying any other pending or completed litigation including IPRs involving one or more of the asserted patents. Plaintiff should advise whether it expects to institute any further litigation in this district or other districts within the next year. Each defendant should advise whether it expects to file one or more IPRs and, if so, when.

The parties, if they think it necessary, should set times in the schedule for reducing the number of asserted claims and asserted prior art used for anticipation and obviousness combinations. The usual points where the court will consider such limits are before claim construction and after a ruling on claim construction.

2. **Discovery limitations**

The discovery in this case is further limited in the following manner: (i) Defendants and Counterclaim-Plaintiffs may serve 25 interrogatories collectively on Plaintiff Vilox AB, including contention interrogatories, while Plaintiff Vilox AB may serve 15 common interrogatories to the Defendants and Counterclaim-Plaintiffs collectively and then 10 interrogatories individually to each Defendant and Counterclaim-Plaintiff; (ii) 25 requests for admissions per side, excluding requests for admission regarding authentication; (iii) 70 hours of testimony per side by deposition of fact witnesses upon oral examination; and (iv) 7 hours of expert depositions on the record per each issue on which the expert has disclosed opinions (i.e., seven hours on infringement and seven hours on validity). The one exception would be that should an expert opine on issues for both Defendants the parties would discuss in good faith the appropriate time for that deposition. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this District Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. "Side" means a party or a group of parties with a common interest. Any party may later move to modify these limitations for good cause.

3. **Discovery disputes**

Before filing a motion to compel, a motion to quash, or a motion for protection from discovery, lead counsel must confer in good faith about the dispute.

Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the court's case manager to schedule an in-person conference/argument. Unless otherwise

ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the court agree with the party on a particular issue, the court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the court's order. Any proposed order shall be emailed, in Word format, simultaneously with filing to Judge_Barker_ECFDocs@txed.uscourts.gov.

If a discovery-related motion is filed without leave of the court, it will be denied without prejudice to the moving party's right to bring the dispute to the court through the discovery matters procedures set forth in this order.

4. **Application to court for protective order**

Should counsel find it necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within 45 days from the date of this order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the discovery dispute provisions above. Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. **Papers filed under seal**

When filing papers under seal, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

### Claim construction

The format of the joint claim construction brief shall be as follows: (1) representative claims, (2) agreed-upon constructions, and (3) disputed constructions, including each term, plaintiff's opening position, defendants' answering position, plaintiff's reply position, and defendants' sur-reply position.

Absent prior approval of the court (which, if sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the joint claim construction brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the court should allow for the argument.

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a joint appendix.

## Mediation

The parties are required to engage, in good faith, in an in-person mediation. They are to hire a jointly agreed-upon mediator. The timing of mediation efforts is left to the discretion of the parties, but the mediation efforts need to be conducted in advance of the pretrial conference. The parties are required to submit a joint statement no later than one week before the pretrial conference. The joint statement is to include the information of the mediator, the lead counsel for each party at the mediation, the length of the mediation, and the certification of the lead mediation counsel that they have engaged in the efforts in good faith. If the parties anticipate any further efforts by the mediator at the time of the submission, they should so advise. The joint statement should not disclose the substance of any offers, counteroffers, or other negotiations.

## Pretrial materials

1. **Motions in limine**

Motions in limine shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion in limine shall be filed in one filing separate from the motion in limine. Each party shall be limited to three in limine requests, unless otherwise permitted by the court. The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the in limine request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the court.

2. **Deposition-testimony designations**

Each party shall file a list of designated deposition testimony that it intends to offer at trial. Each list of deposition designations shall include any rebuttal designations by the opposing party.

Each list of deposition designations shall also include a notation of any objections to the designated deposition testimony.

3. **Voir dire**

Voir dire will be conducted in accordance with Local Rule 47.1.

4. **Trial briefs**

Trial briefs may be filed by each party by the deadline for the pretrial order. In the absence of a specific order of the court, trial briefs are not required but are welcomed. The briefing should discuss any applicable Supreme Court, federal court of appeals, or state-court authority in addressing the issues expected to arise at trial.

### Modification of scheduling order

As addressed above, this order shall control the disposition of this case unless it is modified by the court upon a showing of **good cause** and by leave of court. Fed. R. Civ. P. 16(b)(4). Any request for a scheduling order modification must be made to the court **in writing**. The request must contain two charts that list all future deadlines in the scheduling order. The first chart will contain three columns: one column will provide a description for each deadline; one column will list the current date for each deadline; and one column will list the change—if any—that is requested for any particular deadline (if no change is requested for a particular deadline, the cell for that deadline will say "N/A"). The second chart will list all future deadlines in the scheduling order as they would be if the court accepted the proposed changes. Any request that the trial date be modified must be made **before** the deadline for completion of discovery.

### Inquiries

Questions relating to this scheduling order or legal matters should be presented in a motion, as appropriate. For questions regarding electronic notice or electronic case files, please see the ECF FAQs on the District of Delaware website.

*So ordered by the court on October 21, 2025.*

J. CAMPBELL BARKER
United States District Judge